IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Justin Hurst, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SSA Cooper, LLC,<br><br>Defendants. | Civil Action No.: 2:17-cv-02368-DCN<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Justin Hurst, individually and on behalf of all other similarly situated individuals, as his Complaint in the above-captioned matter, alleges and shows unto this Honorable Court the following:

## **NATURE OF CLAIM**

1. This is an action for violations of unpaid overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA).

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of other similarly situated Stevedores employed by the Defendant who suffered damages because of Defendant's violations of the FLSA.

3. Plaintiff also brings individual and class claims for unpaid wages under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq. (SCPWA)

**PARTIES, JURISDICTION AND VENUE**

4.  Plaintiff Justin Hurst is a citizen and a resident of Berkeley County, South Carolina.

5.  Defendant, SSA Cooper LLC, is a for-profit corporation, registered with the South Carolina Secretary of State.

6.  Venue is proper in this District because the Defendant has conducted substantial, continuous and systematic commercial activities in Charleston. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

7.  Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of similarly situated Stevedores who worked in excess of forty (40) hours during certain workweeks without receiving overtime compensation during the last three years.

8.  This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

9.  In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

10. Plaintiff also brings this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all Stevedores employed by Defendants in at any time within the three years prior to the commencement of this lawsuit who were not paid all of their wages as required by state and federal law.

11. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

   a. The proposed Plaintiff's class is so numerous that joinder of all individual members in this action is impracticable;

   b. There are questions of law and/or fact common to the members of the proposed Plaintiff's class;

   c. The claims of Plaintiff, the representative of the proposed Plaintiff's class, are typical of the claims of the proposed Plaintiff class; and

   d. Plaintiff, the representative of the proposed Plaintiff's class, will fairly and adequately protect the interests of the class.

12. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiffs class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

13. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## **FACTS**

14. Defendant, SSA Cooper, LLC is the world's largest operator of marine and rail cargo terminals. The Defendant provides full-service Stevedores who handle containers, bulk commodities, paper products, lumber, steel, stuffing and stripping

containers on terminals for steamships. The Defendant is paid by the steamship lines to load and unload cargo.

15.     Plaintiff Justin Hurst was employed by the Defendant from approximately August of 2015 until approximately August 2017 as a Stevedore.

16.     Plaintiff and similarly situated Stevedores are paid a salary.

17.     Defendant misclassified Plaintiff, and other similarly situated Stevedores at the Charleston Ports, as exempt from the overtime compensation requirements of the FLSA.

18.     Plaintiff's primary duties consisted of working with employees of the International Longshoremen's Association (ILA) with regard to loading and unloading cargo at the ports in Charleston, South Carolina.

19.     The Defendant choses individual ILA supervisors who are called "Headers". The Header then hires, from the union hall, the ILA members referred to as the "Gang" he will supervise.

20.     Plaintiff and similarly situated Stevedores, may direct the work of ILA gangs by giving them instructions such as: where a particular piece of cargo should be loaded or unloaded according to the stowage plan, or where the trucks are required to line up so the crane can loaded and unload cargo.  However; the Header, not the Stevedore, has authority over the ILA members.

21.     Plaintiff, and other similarly situated Stevedores DO NOT interview or hire the ILA.

22.     Plaintiff, and other similarly situated Stevedores DO NOT train the ILA.

23. Plaintiff, and other similarly situated Stevedores DO NOT set the ILA's rate of pay or hours worked.

24. The Plaintiff and other similarly situated Stevedores DO NOT have the authority to fire or discipline the ILA members.

25. Plaintiff and other similarly situated Stevedores are bound by the grievance procedure for disciplining union members as set forth in the ILA's collective bargaining agreement.

26. The Plaintiff and other similarly situated Stevedores, suggestions and recommendations as to firing, and disciplining the ILA members they work with, is not given significant weight or consideration by the Defendant.

27. It is a rare occurrence for Plaintiff and other similarly situated Stevedores to make a recommendation that an ILA worker be disciplined and it is rarer still that their recommendation is followed.

28. In fact, in the two years that Plaintiff was employed by the Defendant he never knew of an occasion of a Stevedore disciplining an ILA member by sending him home for the day (which is referred to as "knocking off") or by any other means.

29. The ILA Headers and the Gangs are paid, at least time and half of their regular rate of pay when they work over forty (40) hours in a work week.

30. The Defendant DOES NOT pay Plaintiff and similarly situated Stevedores one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a work week.

31. Plaintiff and similarly situated Stevedores regularly work more than forty (40) hours in a work week.

32. Plaintiff and similarly situated Stevedores are assigned to work (7) seven days a week, (24) hours a day.

33. Plaintiff and similarly situated Stevedores do not have a set schedule.

34. Plaintiff and similarly situated Stevedores receive an email each day between 5:00 pm and 6:30 pm that lists the Stevedore who are scheduled to work the following day. The email contains the start time, which varies depending upon the steamships arrival.

35. The email also informs Plaintiff and similarly Stevedores what their work assignment will be. For instance, they are told whether they will be working a containership, a breakbulk as well as if they be working on the deck of the ship, the dock of ship, in the hull of the ship, preparing stow plans, stuffing cargo or working in the warehouse.

36. Plaintiff and similarly situated Stevedores are required to continue to work until the ship is completely loaded or unloaded. As a result, they can regularly work between ten (10) and eighteen (18) hours at a time.

37. Plaintiff and similarly situated Stevedores regularly work between twenty (20) to (30) hours of overtime in a work week.

38. The position of a Stevedore involves grueling hours, working in extreme heat, cold, rain and wind. The job is extremely dangerous because it involves working around heavy equipment, cargo and in high locations. According to the University of Chicago Health and Sciences Division, the position of Stevedore is included on the International Hazard Datasheet. http://illinoisinjuryprevention.org/Stevedore.pdf

39. Defendant did not employ the Plaintiff and similarly situated Stevedores as seaman.

40. The Plaintiff and similarly situated Stevedores did not render aid in the operation of the vessels as a means of transportation nor did they aid the vessels in navigation.

41. At all times relevant to this Complaint, Plaintiff and similarly situated Stevedores were non-exempt employees for purposes of overtime compensation provisions of the FLSA.

42. Plaintiff and similarly situated Stevedores, had an employment agreement with Defendant their compensation would be consistent with all applicable laws, including state wage laws.

43. Plaintiff had an employment agreement with Defendants where he accrued Paid Time Off (PTO) for the weeks where he worked.

44. Plaintiff had earned PTO that he should have been compensated for in his last paycheck and he was not paid for this time.

45. In addition, Defendant deducted amounts from Plaintiff's similarly situated Stevedores, wages for PTO during the work weeks when they worked forty (40) hours or more.

46. Defendant had an employment agreement where they paid Plaintiff and similarly situated employees' non-discretionary bonuses referred as "Meal Money" when they worked bench mark number of hours during a shift. For example, if Plaintiff and other similarly situated Stevedores worked eleven (11) hours in a shift they should have received

paid fifty dollars ($50.00) and if they worked fifteen (15) hours in a shift they should have received an additional fifty dollars ($50.00)

47. Defendant did not adequately explain or implement the employment agreement which resulted in Plaintiff and similarly situated Stevedores regularly NOT being compensated for their Meal Money when they worked the bench mark number of hours required for the bonus.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Unpaid Overtime Compensation)
(Individual and Collective Action)

48. Plaintiff, on behalf of himself and all similarly situated Stevedores, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

49. At all times pertinent to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

50. At all times pertinent to this Complaint, Plaintiff and similarly situated Stevedores were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

51. At all times relevant herein, Defendant was the "employer" of Plaintiff and similarly situated Stevedores as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

52. Defendant employed Plaintiff and similarly situated Stevedores for workweeks longer than forty (40) hours without compensating Plaintiff and similarly

situated Stevedores at a rate of one and on-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

53.  Plaintiff and similarly situated Stevedores are entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

54.  Defendant's violations of the FLSA were willful.

## FOR A SECOND CAUSE OF ACTION
(South Carolina Payment of Wages Act)
(Individual and Class Action)

55.  Plaintiff, on behalf of himself and all similarly situated Stevedores, realleges and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

56.  Defendant is an "employer" as defined by S.C. Code Ann. § 41-10-10(1).

57.  Defendant employed Plaintiff and the members of the Plaintiff's class within the State of South Carolina.

58.  According to § 41-10-80(C), when an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular pay day which may not exceed thirty days.

59.  S.C. Code Ann § 41-10-10(2) defines wages to means "all amounts at which labor rendered is recompensed . . . and includes vacation, holiday, and sick leave

payments which are due to an employee under any employer policy or employment contract."

60. Defendant owes Plaintiff and the members of the Plaintiff's class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiff and the members of the Plaintiff's class and as required by law.

61. Defendant failed to pay Plaintiff and the members of the Plaintiff's class all wages due, as required by Sections 41-10-40 and -50 of the Act in the Defendant failed to pay Plaintiff and members of Plaintiffs class for the accrued PTO and Meal Monies as per their employment agreement.

62. In addition, Defendant deducted amounts from the paychecks of Plaintiff for PTO during the work weeks when Plaintiff and similarly situated Stevedores worked forty (40) hours or more. This was an improper purpose, upon false pretenses, and without providing proper written notice as required by Section 41-10-30(A) of the SCPWA.

63. Defendant's failure to pay Plaintiff and the members of the Plaintiff's class all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

64. Pursuant to Section 41-10-80(C) of SCPWA, Plaintiff and the members of the Plaintiff's class are entitled to recover an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin Hurst, on behalf of himself and similarly situated Stevedores, seek judgment against the Defendant as follows:

a. That this Court certify this action as a collective action pursuant to 29 U.S.C. §216(b);

b. An award of compensatory damages in an amount equal to the unpaid overtime compensation owed to Plaintiff and similarly situated Stevedores pursuant to 29 U.S.C. §216(b);

c. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

d. An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

e. An award of compensatory damages in the amount of the unpaid wages owed to Plaintiff and similarly situated Stevedores;

f. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

g. An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated Stevedores in bringing this action; and

h. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Justin C. Hurst on behalf of himself and all other similarly situated Stevedores hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 104
Mount Pleasant, South Carolina 29464
(800) 385-8160 Phone and Fax
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

September 2, 2017
Mount Pleasant, South Carolina.